IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                    |   |                              |
|------------------------------------|---|------------------------------|
|                                    | * |                              |
| HESMAN TALL,                       |   |                              |
|                                    | * |                              |
|    Plaintiff,                      |   |                              |
|                                    | * |                              |
|    v.                              |   | Civil Action No. RDB-15-3352 |
|                                    | * |                              |
| THE PARTNERSHIP DEVELOPMENT        |   |                              |
| GROUP, INC., *et al.*,             | * |                              |
|                                    |   |                              |
|    Defendants.                     | * |                              |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Hesman Tall ("Mr. Tall" or "Plaintiff") brings this *pro se* action against Defendants The Partnership Development Group, Inc. ("PDG"), PDG Rehabilitative Services,[1] RISE Program,[2] and the Maryland State Department of Education, Division of Rehabilitation Services ("DORS")[3] (collectively, "Defendants"), alleging various violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and 28 C.F.R. §

---

[1] Plaintiff improperly names "PDG Rehabilitative Services" as a defendant to this action. "PDG Rehabilitative Services," however, is simply a program or subgroup of Defendant PDG, and thus not an individual defendant. To the extent that any claims are asserted against "PDG Rehabilitative Services" as a separate defendant, those claims are encompassed by the claims pending against Defendant PDG. "PDG Rehabilitative Services" is thus dismissed with prejudice from this action as a separate defendant.

[2] Once again, Plaintiff improperly names "RISE Program" as a defendant to this action. The "RISE Program," or "Reach Independence through Self-Employment," is a self-employment program for disabled individuals initiated by the Maryland State Department of Education, Division of Rehabilitation Services pursuant to Md. Code Ann., Educ. § 21-304(b). To the extent that any claims are asserted against "RISE Program" as a separate defendant, those claims are encompassed by the claims pending against Defendant Maryland State Department of Education, Division of Rehabilitation Services. "RISE Program" is thus dismissed with prejudice from this action as a separate defendant.

[3] Although Plaintiff names Maryland State Department of Education and Maryland Division of Rehabilitative Services as separate defendants, DORS is a division within the Maryland State Department of Education, and not a separate entity. Furthermore, Hall incorrectly names DORS as the "Maryland Division of Rehabilitative Services," whereas the correct appellation is "Division of *Rehabilitation* Services." The Clerk of the Court is directed to revise the docket to reflect the correct name of this defendant.

35.130, negligence under Maryland law, and "discrimination in an self-employment based job program." Plaintiff contends that Defendants acted in a negligent and discriminatory fashion by rejecting his application to participate in the RISE program.

Presently pending are Plaintiff's Motion for Change of Venue (ECF No. 6); Defendant Maryland State Department of Education, Division of Rehabilitation Services's Motion to Dismiss (ECF No. 8); and Defendant The Partnership Development Group, Inc.'s Motion to Dismiss (ECF No. 10). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Plaintiff's Motion for Change of Venue (ECF No. 6) is DENIED as MOOT; Defendant Maryland State Department of Education, Division of Rehabilitation Services's Motion to Dismiss (ECF No. 8) is GRANTED WITH PREJUDICE; and Defendant The Partnership Development Group, Inc.'s Motion to Dismiss (ECF No. 10) is GRANTED WITH PREJUDICE. In sum, Plaintiff's claims against DORS are barred by the sovereign immunity given to the states by the Eleventh Amendment, U.S. Const. amend XI. Moreover, this case is nearly identical to an earlier state action dismissed by the Circuit Court for Howard County, Maryland on October 15, 2015. This case is thus also barred by *res judicata* and DISMISSED WITH PREJUDICE as to all Defendants.

<u>BACKGROUND</u>

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g.*, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the

litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

This action arises from the Plaintiff's application for an entrepreneurial grant through the Maryland State Department of Education, Division of Rehabilitation Services ("DORS".) Plaintiff Hesman Tall is a disabled African-American man who allegedly receives certain Social Security Administration benefits. Compl. ¶¶ 1, 5, ECF No. 1. He is the owner of Anna Banana Beverages ("Anna Banana"). *Id.* ¶ 6.

In 2011, Mr. Tall applied for a grant under DORS's Reach Independence through Self-Employment ("RISE") program, which allegedly seeks to help "disabled applicants . . . create a business plan, create financial data and conduct real-life market research to prove that their business can generate enough revenue for applicants to become self-employed in a self-sustaining business . . . [.]" *Id.* ¶¶ 2-3. DORS employs Defendant PDG to provide applicants with technical support and "analyze [applicants'] business plans, projections and financial Proformas . . . and then recommend to fund or not to fund applicants." *Id.* ¶¶ 2, 4. To accompany his application, Mr. Tall alleges that he submitted a business plan, financial proforma statements and projections, and conducted market research, market validation, and proof of concept at the "Howard Community College Market festival." *Id.* ¶¶ 8, 11, 20, 21, 27-29, 33. His market research allegedly demonstrated that Anna Banana would generate annual revenues of $157,700 with twelve beverages sold per hour. *Id.* ¶¶ 9, 20.

After submitting his application, Mr. Tall requested a hearing to present his company. *Id.* ¶ 12. He claims that his request was ignored for six months, but was finally granted on December 2, 2014. *Id.* ¶¶12, 13, 15. At the hearing, DORS and PDG allegedly "ignored" Plaintiff's market research, business plan, cash flow projections, and other data. *Id.* ¶ 15. On December 30, 2014, Defendants rejected his application, stating that Mr. Tall did not have a viable location or operations plan. *Id.* ¶¶ 15, 24, 31. He claims that this decision "completely ignored the evidence" of the alleged viability of his company. *Id.* ¶ 17. Moreover, he alleges that PDG documents reveal that it "has consistently funded Caucasian-owned businesses at more than twice the rate of qualified African American owned businesses." *Id.* ¶ 5.

Pursuant to Md. Code Regs. 13A.11.07, Mr. Tall filed a request for review by a Maryland administrative law judge of DORS's rejection of his application on January 5, 2015.[4] Def. DORS's Mot. to Dismiss Ex. 2, 1, ECF No. 8-5 (Copy of Administrative Review Final Default Order). He asserted allegations identical to those alleged in the present action. Def. DORS's Mot. to Dismiss Ex. 1, ECF No. 8-4 (Copy of Administrative Review Complaint). Mr. Tall failed to participate in a prehearing telephone conference with the Honorable William Somerville, an administrative law judge of the Maryland Office of

---

[4] In reviewing a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999))). As such, this Court takes judicial notice of "Exhibit 1" (a copy of Plaintiff's Administrative Review Complaint), ECF No. 8-4; "Exhibit 2" (a copy of the Administrative Review Final Default Order), ECF No. 8-5; "Exhibit 3" (a copy of the State Court Complaint), ECF No. 8-6; "Exhibit 4" (a copy of the August 19, 2015 Order), ECF No. 8-7; "Exhibit 5" (a copy of State Court Amended Complaint), ECF No. 8-8; "Exhibit 6" (a copy of the October 15, 2015 Order), ECF No. 8-9; and "Exhibit 10" (a copy of Plaintiff's Notice of Appeal), ECF No. 8-10. Mr. Tall does not dispute the authenticity of these documents, as they reflect matters of public record and are integral to Mr. Tall's claims.

Administrative Hearings, on February 18, 2015. Def. DORS's Mot. to Dismiss Ex. 2, at 1-2. Although Judge Somerville made numerous attempts to contact him, he never received a response from Mr. Tall. *Id.* As such, Judge Somerville issued a Final Default Order dismissing Plaintiff's complaint on February 24, 2015. *Id.* at 2.

On March 27, 2015, Plaintiff filed suit in the Circuit Court for Howard County, Maryland against the present Defendants, DORS and PDG. Def. DORS's Mot. to Dismiss Ex. 3, ECF No. 8-6 (Copy of State Court Complaint). He asserted various violations of the Americans with Disabilities Act, negligence under Maryland law, race discrimination, and discrimination under Md. Code Ann., State Fin. & Proc. § 19-101. *Id.* The factual allegations of the state court complaint are nearly identical to those asserted in the present action. *See generally id.* The Circuit Court for Howard County dismissed Mr. Tall's complaint on August 19, 2015, but with leave to file an amended complaint. Def. DORS's Mot. to Dismiss Ex. 4, ECF No. 8-7 (Copy of August 19, 2015 Order). Plaintiff filed an amended complaint adding certain alleged violations of Maryland law. *See* Def. DORS's Mot. to Dismiss Ex. 5, ECF No. 8-8 (Copy of State Court Amended Complaint). After DORS and PDG each moved to dismiss, the Circuit Court for Howard County granted their motions and dismiss Plaintiff's claims on October 15, 2015. Def. DORS's Mot. to Dismiss Ex. 6, ECF No. 8-9 (Copy of October 15, 2015 Order). The following day, Mr. Tall noted an appeal to the Maryland Court of Special Appeals. Def. DORS's Mot. to Dismiss Ex. 7, ECF No. 8-10 (Copy of Notice of Appeal). His appeal remains pending. *See Tall v. Partnership Development Group, et al.*, No. 01787 (Sept. Term 2015).

Nevertheless, less than a month later, Mr. Tall filed the present action in this Court. He appears to assert four claims: Negligence (Count I); "Discrimination in an Self-Employment Based Job Program" (Count II); Discrimination under Titles I and V of the ADA (Count III); and "Negligence in Violation of 42 U.S.C. § 12112" (Count IV). Defendants have each moved for dismissal of the subject Complaint in its entirety.

STANDARDS OF REVIEW

**I.  Motion to Dismiss under Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)

(citation omitted).  The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).  A plaintiff carries the burden of establishing subject matter jurisdiction.  *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## II.     Motion to Dismiss under Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P 8(a)(2).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss.  *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847

(4th Cir. 1979). Moreover, a court need not accept any asserted legal conclusions drawn from the proffered facts. *Iqbal*, 556 U.S. at 678. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010).Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 584 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*).

## ANALYSIS

### A. Motion to Change Venue

Shortly after filing the subject Complaint, Mr. Tall filed the pending Motion to Change Venue (ECF No. 6), purportedly pursuant to 28 U.S.C. §§ 1404, 1412, and 1443. Plaintiff seeks transfer of this action to the Southern Division of the United States District Court for the District of Maryland. Mot. to Change Venue at 1. He asserts that, as a longtime resident of Prince George's County, the adjudication of his case in the Southern Division would be more convenient.

Mr. Tall misunderstands the role of venue in the federal courts. Under 28 U.S.C. § 1391(b), venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In this case, all parties are residents of Maryland, thus venue is properly found in the United States District Court for the District of Maryland—in other words, this Court.

Since venue is clearly proper in this Court, it appears that Plaintiff actually seeks the re-assignment of this case to a judge in the Southern Division. The assignment of a case to the Southern Division—Mr. Tall's preferred location—or the Northern Division—this Court—is governed by Local Rule 501 (D. Md. 2014). Local Rule 501, however, is simply a "rule of administrative convenience" that does not "confer any rights upon any litigant." Local Rule 501.1. As will be discussed *infra*, Plaintiff's claims are clearly barred by *res judicata* and will be dismissed with prejudice. This Court thus need not consider whether the Southern Division would be a more convenient forum for adjudication of this case. His Motion to Change Venue is denied as moot.

## B. Motion to Dismiss under Rule 12(b)(1) – Defendant DORS

DORS moves to dismiss the subject Complaint under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. As a motion to dismiss pursuant to Rule

12(b)(1) challenges this Court's subject matter jurisdiction over certain claims, it must be addressed first. DORS specifically argues that, as a division of a state agency, it is entitled to sovereign immunity under the Eleventh Amendment, U.S. Const. amend. XI. As such, this Court lacks subject-matter jurisdiction to adjudicate Plaintiff's ADA (Counts III and IV) and negligence claims (Count I).

Turning first to Plaintiff's claims under Titles I and V of the ADA, this Court recognizes that "the ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)). Given this guarantee, Congress may abrogate a state's Eleventh Amendment sovereign immunity only where "it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority." *Garrett*, 531 U.S. at 363 (quoting *Kimel*, 528 U.S. at 73). The United States Supreme Court has concluded, however, that while Congress certainly *intended* for Title I of the ADA to apply to the states, the Constitution does not allow for such broad congressional authority. *Garrett*, 531 U.S. at 364, 374. Eleventh Amendment immunity thus bars suits for money damages under Title I of the ADA in federal court against the states, state agencies (and any sub-agencies therein), and state officials. *Id.* at 374; *see also Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (explaining that the Eleventh Amendment affords immunity to states, their respective agencies, state and officials). Suits for money damages against states under Title V of the ADA are similarly barred. *Strong v. Swaim-Stanley*, Civ. A. No. WMN-12-1924, 2012 WL

4058054, at *3 (D. Md. Sept. 13, 2012) (citing *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2001)).

In this case, DORS is a division of the Maryland State Department of Education, which is an agency of the State of Maryland. Although a state may certainly waive sovereign immunity, *see, e.g.*, *Garrett*, 531 U.S. at 363-64, Maryland has not waived its immunity from Title I ADA claims in federal court. *McCray v. Maryland Dept. of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014). As Eleventh Amendment immunity applies equally to bar Title V ADA claims, Mr. Tall's ADA claims against DORS must be dismissed.

Sovereign immunity again applies to preclude Plaintiff's claim of negligence against DORS. Under the Maryland Tort Claims Act, Maryland has waived its sovereign immunity for certain actions in state court. Md. Code Ann., State Gov't §§ 12-101, *et seq.* Yet, this waiver of sovereign immunity applies only to actions in *state* court. *See, e.g.*, *Smith v. Bernier*, 701 F. Supp. 1171, 1174 (D. Md. 1988). As Maryland has not waived its Eleventh Amendment immunity from negligence claims for money damages in *federal* court, Plaintiff's claim for negligence against DORS is also dismissed.

### C.  Motion to Dismiss under Rule 12(b)(6) – Both Defendants

Even if DORS were not entitled to sovereign immunity for Plaintiff's ADA and negligence claims, DORS contends that the doctrine of *res judicata* bars all claims asserted in the subject Complaint.[5] As Defendant PDG also argues for the application of *res judicata*, this Court will consider their arguments together.

---

[5] Alternatively, DORS argues that each count fails to state a claim for which relief may be granted. As Plaintiff's claims are indeed barred by *res judicata*, this Court need not consider this alternative argument.

*Res judicata*, like collateral estoppel, is an affirmative defense for which the defendant bears the burden of establishing. *Theune v. U.S. Bank, N.A.*, No. MJG-13-1015, 2013 WL 5934114, *3 (D. Md. Nov. 1, 2013) (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)). As the United States Court of Appeals for the Fourth Circuit explained,

> It follows therefore, that a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense . . . . But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense appear *on the face of the complaint*.

*Goodman*, 494 F.3d at 464 (citations and internal quotation marks omitted; emphasis in original).

*Res judicata*, also known as claim preclusion, "bars a party from relitigating a claim that was decided or could have been decided in an original suit," *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008), and "bars a cause of action adjudicated between the same parties or their privies in a prior case." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) (citation omitted). To assert a defense of *res judicata*, a defendant must establish: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) and identity of parties or their privies in the two suits." *Id.*

The subject Complaint is one such "relatively rare circumstance[]" where facts sufficient to rule on an affirmative defense clearly appear on the face of the complaint. Each of Plaintiff's allegations was considered in depth and ultimately rejected by the Circuit Court

for Howard County, Maryland in a final judgment. A consideration of the affirmative defense of *res judicata* is thus proper at this stage.

In this case, the present action involves the same parties, the same subject matter, and the same arguments as were made by Mr. Tall in the Circuit Court for Howard County. In that action, Mr. Tall named as defendants the "Maryland Division of Rehabilitative Services" (*i.e.*, DORS) and "Partnership Development Group"[6] (*i.e.*, PDG). *See* Def. DORS's Mot. to Dismiss Ex. 3. That action concerned the rejection of Mr. Tall's application to participate in the RISE program, the very transaction that gave rise to his present claims of discrimination and negligence.

The sole point on which the Complaint in this case differs from the complaint in the state court action is Plaintiff's slight modification of the legal theories on which his claims rest. For example, he asserted violations of Md. Code Ann., State Fin. & Proc. § 19-101 in the state court action, but now asserts violations of 28 C.F.R. § 35.130 and 42 U.S.C. § 12112. Yet, *res judicata* bars claims that were actually decided in a prior case, as well as claims that could have been decided in that first case. *Laurel Sand*, 519 F.3d at 161. If a claim "arise[s] out of a single nucleus of operative facts . . . [it] will be barred even if [it] involve[s] different harms or different legal theories." *Reeves v. St. Mary's County Comm'rs*, 268 F. Supp. 2d 576, 584 (D. Md. 2003). From the face of the subject Complaint, it is clear that these claims arise from the same discrimination underlying his other claims. Indeed, the allegations of the present Complaint are nearly identical to those asserted in the state court complaint.

---

[6] The proper name of "Partnership Development Group" is "The Partnership Development Group, Inc.," as noted by Defendant PDG. Mem. in Support of Def. PDG's Mot. to Dismiss, 6 n.1, ECF No. 10-1.

*Compare* Compl. ¶¶ 6-35 *with* Def. DORS's Mot. to Dismiss Ex. 3 ¶¶ 1-28. Mr. Tall's suit in state court was thus the proper forum to raise these claims.

In sum, the present action is nearly identical to a case dismissed on the merits by the Circuit Court for Howard County. Under the principle of *res judicata*, such duplicative litigation is impermissible. Accordingly, all claims are dismissed with prejudice as to both Defendants.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Change of Venue (ECF No. 6) is DENIED as MOOT; Defendant Maryland State Department of Education, Division of Rehabilitation Services's Motion to Dismiss (ECF No. 8) is GRANTED WITH PREJUDICE; and Defendant The Partnership Development Group, Inc.'s Motion to Dismiss (ECF No. 10) is GRANTED WITH PREJUDICE. In sum, Plaintiff's claims against DORS are barred by the sovereign immunity given to the states by the Eleventh Amendment, U.S. Const. amend XI. Moreover, this case is nearly identical to an earlier state action dismissed by the Circuit Court for Howard County, Maryland on October 15, 2015. This case is thus also barred by *res judicata* and DISMISSED WITH PREJUDICE as to all Defendants.

A separate Order follows.

Dated: April 28, 2016                    _____/s/_____
                                         Richard D. Bennett
                                         United States District Judge